**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH  (973) 645-4693
BANKRUPTCY JUDGE  Fax: (973) 645-2606

**NOT FOR PUBLICATION**

October 22, 2009

```
FILED
JAMES J. WALDRON, CLERK

OCT. 22, 2009

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY:  s/ Ronnie Plasner, DEPUTY
```

**LETTER OPINION**
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

**Harwood Lloyd, LLC**
Kathleen M. Lee, Esq.
130 Main Street
Hackensack, New Jersey 07601
*Counsel for Plaintiff*

**Nowell Amoroso Klein Bierman, P.A.**
Rick Aaron Steinberg, Esq.
155 Polifly Road
Hackensack, New Jersey 07601
*Counsel for Debtor/Defendant*

Re:  **Saddle River Valley Bank v. David J. Garsia**
     **Adversary Pro. No. 09-02255 (DHS)**

Dear Counsel:

Before the Court is a motion filed by Debtor-Defendant, David J. Garsia ("Debtor"), seeking to dismiss the adversary complaint ("Complaint") filed by Plaintiff, Saddle River Valley Bank ("Plaintiff"), as untimely filed pursuant to Federal Rule of Bankruptcy Procedure 4007(c). The Plaintiff filed opposition to the motion in the form of a cross-motion to deem the Complaint timely filed. For the following reasons, the Debtor's motion to dismiss the Complaint is hereby granted.

Page 2
October 22, 2009

The Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (I). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

The facts underlying the motion are not in dispute. The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on May 13, 2009. *Mem. of Law in Supp. of Debtor's Mot. to Dismiss Compl. as Untimely Filed and Served, Pursuant to FRBP 7012(b)* (*"Mem. in Supp."*) ¶ 4. Plaintiff was scheduled as a creditor on the Petition, and counsel for Plaintiff, Harwood Lloyd, LLC, was also listed on the Petition for notice purposes. *Mem. in Supp.* ¶ 5. On May 16, 2009, both the Plaintiff and Plaintiff's counsel were served with the Notice of Commencement of the Case. *Mem. in Supp.* ¶ 6. The Notice of Commencement of the Case stated that the meeting of creditors was scheduled for June 19, 2009 and the deadline to file a complaint objecting to discharge of the Debtor or to determine dischargeability of certain debts was August 18, 2009. *Mem. in Supp.* ¶¶ 4, 9.

The Complaint was drafted objecting to dischargeability of the Debtor's $800,000.00 debt to the Plaintiff, pursuant to 11 U.S.C. § 523(a)(2). *Cert. of Kathleen M. Lee ("Lee Cert.")* ¶ 6. Plaintiff's counsel contacted New Jersey Lawyers Service ("Lawyers Service") on August 17, 2009 and requested same day delivery for filing the Complaint.[1] *Lee Cert.* ¶ 8. Lawyers Service arrived at the firm at approximately 1:00 p.m. on August 17, 2009 and accepted the Complaint with an instruction slip directing delivery to "Clerk, US Bankruptcy Court MLK Fed. Bldg. 50 Walnut St. Newark, NJ 07102." *Lee Cert.* ¶¶ 9-10. Lawyers Service then incorrectly delivered the package to the Superior Court of New Jersey, Essex County. *Lee Cert.* ¶ 16. The Lawyers Service delivery confirmation reflected that the package was delivered to the Bankruptcy Court and signed for at 1:45 p.m. on Monday, August 17, 2009. *Lee Cert.* ¶ 14. The Superior Court of New Jersey did not notify Plaintiff's counsel of the incorrect delivery, and instead forwarded the papers to the United States Bankruptcy Court. *Lee Cert.* ¶ 17. On August 21, 2009, three days after the objection deadline, the Complaint was filed in this Court. *Mem. in Supp.* ¶ 10.

On August 24, 2009, a summons was issued. *Mem. in Supp.* ¶ 11. On September 9, 2009, sixteen (16) days after the summon was issued, the Plaintiff served the Complaint on the Debtor by ordinary mail. *Mem. in Supp.* ¶ 12.

The Debtor filed a motion to dismiss the Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, made applicable by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, because the Complaint was not timely filed under Bankruptcy Rule 4007(c) or timely served under

---

[1] It should be noted that in the United States Bankruptcy Court for the District of New Jersey electronic filing is mandatory for all attorneys who regularly practice before the Court and encouraged for those who do not pursuant to the *Commentary Supplementing Administrative Procedures for Filing, Signing, and Verifying Documents by Electronic Means.* In the instant case use of the Court's electronic filing system would have ensured that the Complaint was timely filed.

Page 3
October 22, 2009

Bankruptcy Rule 7004(e). The Plaintiff filed opposition to the Debtor's motion in the form of a cross-motion to deem the Complaint timely filed.

The Complaint at issue is one objecting to the dischargeability of a debt under section 523(a)(2). Compl. ¶ 5. Section 523(c)(1) states that a debtor shall be discharged from such a debt unless the creditor to whom the debt is owed objects and the court determines it to be excepted from discharge after notice and hearing. 11 U.S.C. § 523(c)(1). Federal Rule of Bankruptcy Procedure 4007(c) governs the time in which a creditor may object to a debt pursuant to section 523(c) and states in relevant part "[e]xcept as otherwise provided in subdivision (d), a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr. P. 4007(c). Rule 4007 provides for extension of this time on motion of the creditor; however, "[t]he motion shall be filed before the time has expired." *Id.* Bankruptcy Rule 9006(b)(3) mandates that a motion under Rule 4007(c) before the expiration of the original time to object is the exclusive means by which the time to object may be enlarged, stating in relevant part that "[t]he court may enlarge the time for taking action under Rule[] 4007(c) . . . only to the extent and under the conditions stated in [that] rule[]." Fed. R. Bankr. P. 9006(b)(3). Thus, the present situation is explicitly excluded from the general provision of Rule 9006(b)(1), which authorizes courts to extend time after the initial period has expired, where it can be demonstrated that the untimeliness was due to "excusable neglect." Consequently, the terms of the Federal Rules of Bankruptcy Procedure explicitly preclude the Court from enlarging the time to file the Complaint after the expiration of the initial time.

The Debtor relies on *Kontrick v. Ryan*, 540 U.S. 443 (2004), in support of its motion to dismiss. In *Kontrick*, the Court addressed the time limit for objecting to a discharge under Bankruptcy Rules 4004(a) and 9006(b)(3). *Id.* Although different rules were before the Court in *Kontrick*, the Court noted in dicta the "practical identity" to Rule 4007(c) and suggested that application of the rules should be identical. *Id.* at 448, n3. In explaining the purpose of these rules, the Court stated that "they instruct the court on the limits of its discretion to grant motions for complaint-filing-time enlargements . . . [and] they afford the debtor an affirmative defense to a complaint filed outside the [time limits]." *Id.* at 456.

The Debtor also cites *Dalembert v. Pendergrass (In re Pendergrass)*, 376 B.R. 473 (Bankr. E.D. Pa. 2007), in which the issue was whether the one-day late filing of a complaint for nondischargeability under section 523(c) was a fatal flaw or whether the court could "consider the complaint to be 'substantial' in compliance with Rule 4007(c)." *Id.* at 475. In *Pendergrass*, the court found the Supreme Court's decision in *Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992) to be instructive. *Id.* at 476. "In *Taylor*, the Supreme Court upheld the Third Circuit's interpretation of Bankruptcy Rule 4003(b), that if no objection to a claim of exemption is filed within the thirty day deadline found in that rule, property claimed as exempt under § 522 will be considered exempt even if there is no colorable basis for the claimed exemption." *Id.* Noting many similarities between Rules 4003(b) and 4007(c), the court found *Taylor* "persuasive as to how both the Third Circuit Appeals Court and the Supreme Court would interpret § 523(c) and Rule 4007(c)." *Id.* at 477. Consequently, *Pendergrass*

Page 4
October 22, 2009

"interpret[ed] Rule 4007(c) as written and [held] that the Complaint, though filed only one day beyond the sixty-day deadline, is untimely and must be dismissed." *Id.* at 478.

Case law underscores that Rule 4007(c) mandates a strict deadline for filing a complaint to determine dischargeability. *See Gulf Coast Bank & Trust Co. v. Mendel (In re Mendel)*, 351 B.R. 449, 454 (Bankr. S.D. Tex. 2006); *Pendergrass*, 376 B.R. 478 (Bankr. E.D. Pa. 2007) ("The rules promulgated to enforce [section 523] provide a clear deadline with no language demonstrating that leniency may be allowed for any length of tardiness."). This Court noted in *Scaffidi v. DeSoto*, 2006 WL 4452830, *3 (Bankr. D.N.J. March 21, 2006), *aff'd*, 2007 WL 2156358 (D.N.J. July 25, 2007), that "[t]he purpose of the short limitation period . . . 'is to further both the prompt administration of the estate and [the] fresh start goals of bankruptcy relief, allowing the debtor to enjoy finality and certainty of relief from financial distress as quickly as possible.'" *Id.* (quoting *Cartage Pac., Inc. v. Waldner (In re Waldner)*, 183 B.R. 879, 881 (B.A.P. 9th Cir. 1995). In light of these policies, this Court remarked in *DeSoto*, that "the deadlines provided by the Federal Rules of Bankruptcy Procedure are to be interpreted strictly." *DeSoto*, 2006 WL 4452830, at *3.

In the absence of authority to the contrary, the Court must apply the Bankruptcy Rules as unambiguously written. Clearly, Plaintiff's Complaint was not timely filed. The lateness of Plaintiff's filing may not be overlooked for excusable neglect or equitable considerations because Rules 9006(b)(3) and 4007(c) state that a motion made before the expiration of the time for filing is the *exclusive* procedure for extending the time to file a complaint that seeks nondischargeability under section 523(c). Such a motion was not timely made in this case. Consequently, the Plaintiff's motion to dismiss the Complaint must be granted.

An Order in compliance with this Opinion has been filed and a copy enclosed.

Very truly yours,

/s/ *Donald H. Steckroth*

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Enclosure