# UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEW JERSEY
M.L. KING, JR.  FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH

BANKRUPTCY JUDGE

(973) 645-4693
Fax: (973) 645-2606

**NOT FOR PUBLICATION**

**FILED**
JAMES J. WALDRON, CLERK

**JANUARY 14, 2010**

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY:  s/ Ronnie Plasner, DEPUTY

January 14, 2010

## LETTER OPINION
## ORIGINAL FILED WITH THE CLERK OF THE COURT

Harwood Lloyd, LLC
Gregg A. Ilardi, Esq.
Kathleen M. Lee, Esq.
130 Main Street
Hackensack, New Jersey 07601
*Counsel for Plaintiff*
 *Saddle River Valley Bank*

Nowell Amoroso Klein Bierman P.A.
David Edelberg, Esq.
Rick A. Steinberg, Esq.
155 Polifly Road
Hackensack, New Jersey 07601
*Counsel for Debtor/Defendant*
 *David J. Garsia*

Re:    **Saddle River Valley Bank v. Garsia**
       **Adv. Pro. No. 09-02255 (DHS)**

Page 2
January 14, 2010

Dear Counsel:

Before the Court is the Plaintiff's Motion for Reconsideration, which is opposed by the Debtor/Defendant, David J. Garsia ("Debtor"), in the adversary proceeding. Reconsideration is sought from the Court's Opinion and Order dated October 22, 2009 granting the Debtor's Motion to Dismiss the Complaint because it was filed in the Federal Court after the bar date for filing dischargeability complaints and the denial of the Court's motion by the Plaintiff to deem the Complaint timely filed.

The underlying facts are not in dispute and are set forth in the Court's October 22, 2009 Opinion and incorporated herein as if repeated at length.

On reconsideration, the Plaintiff argues that the Court overlooked the singularly important fact that the Complaint was timely delivered and filed, albeit to the wrong courthouse. Unfortunately, the Complaint was misfiled in the State Courthouse, not the Federal Courthouse, due to the mistake of the delivery service employed by the Plaintiff. Plaintiff argues the Court mistakenly followed a line of cases which prevented the Court from ruling that the Complaint could be considered timely filed. In fact, Plaintiff argues there was no need for it to file a motion for an extension of time because it had caused the Complaint to be delivered well in advance of the deadline and thus, had no reason to believe such a motion was necessary.

Plaintiff relies principally on the fact that its Complaint was timely filed in the Essex County Court House a mile or so from the Federal Court House where the litigation sits and therefore, should be ruled timely filed and seeks to support this argument by reliance on a State Court Rule regarding "misfiled papers," which would seem to allow for timely filing if papers are delivered and filed in the wrong filing office. See Rule 1:5-6(d) of New Jersey Rules of Procedure. Plaintiff further argues that

Page 3
January 14, 2010

for purposes of the Local Rules, there would appear to be no practical difference between filing in the Superior Court of New Jersey, Essex County and filing in the Bankruptcy Court in the United States Court House  in the Newark Vicinage.  This Court, however, has trouble making that connection and knows of no precedent for such substitution.

The Defendant opposes on two fronts.  First, he argues that the Plaintiff's motion for reconsideration was itself filed out of time under D.N.J. L.B.R. 9013-1(h), which provides such a motion shall be filed within ten days of the entry of the Court's Order.  Here, the Order was entered October 22, 2009 and the motion for reconsideration filed November 4, 2009, thirteen days later, and therefore, several days late.  Secondly, the motion is opposed on the merits.

It is well recognized that "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."  *Harsco v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (citation omitted).  Both the District Court and the Bankruptcy Court have promulgated local practice rules which address motions for reconsideration and provide that such motions (i) must be filed within 10 business days[1] after entry of the order or judgment, and (ii) must be supported by a brief concisely setting forth the matter or controlling decisions overlooked by the Court that warrant reconsideration. D.N.J. L. Civ. R. 7.1(i) and D.N.J. LBR 9013-1(h).[2]  In applying these rules, a court should grant reconsideration where a moving party demonstrates at least one of three grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available

---

[1]14 days after December 1, 2009.

[2]D.N.J. LBR 1001-1(a) provides that the Local Civil Rules of the United States District Court for the District of New Jersey shall be followed insofar as they are not inconsistent with the Bankruptcy Code.

Page 4
January 14, 2010

when the court granted the motion. . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, et al.*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

However, a motion for reconsideration is not an appeal. The moving party must demonstrate "more than a disagreement with the Court's decision." *Database America, Inc. v. Bellsouth Adver. & Publ'g Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citation omitted). It is not appropriate to use a motion for reconsideration as a vehicle to rehash the arguments that the Court considered in reaching its decision. *Interfaith Community Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002); *Oritani Savings and Loan Ass'n v. Fidelity Deposit Co. of Md.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990). Additionally, a motion for reconsideration "should not be used as a means to argue new facts or issues that inexcusably were not presented to the Court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

A court should "only entertain a motion to reconsider, if the alleged overlooked controlling decision of law or dispositive factual matter was of a nature that, if considered by the Court, might reasonably have resulted in a different conclusion." *Davis v. Spirit of New Jersey*, 2000 WL 33302241, *2 (D.N.J. 2000). Nonetheless, "[i]n exercising its discretion in ruling on a motion for reargument or reconsideration, the Court must keep an open mind. . . . the Court should not hesitate to grant the motion when compelled to prevent manifest injustice or to correct clear legal error." *Brambles*, 735 F. Supp. at 1241.

Here, the motion for reconsideration, as the Defendant points out, was filed out of time as specifically provided in the Local Bankruptcy Rules. There is no doubt that this alone is sufficient for

Page 5
January 14, 2010

denying the motion.  However, I think it is important to address the merits and rule on the motion to reconsider as if timely filed.

Here, the grounds for reconsideration have not been met.  The Complaint was simply not filed timely due to the error of the service company who was given full and complete filing instructions.  As set forth in my Opinion of October 22, 2009, this leaves the Court with no discretion to ignore or excuse the untimely filing.  The Plaintiff's argument that timely filing in the State Courthouse with the Superior Court Clerk's office is sufficient and equivalent to the timely filing in the Federal Courthouse with the Clerk of the Bankruptcy Court ignores  the distinction between the Federal and State court systems.  There is no doubt that pleadings filed in the State Court, albeit in the incorrect division or Clerk's office, can be found to be "misfiled" or that papers filed in the Federal District Court or Bankruptcy Court can be referred to the appropriate clerk's office and timely filed.  But this, of course, implies a filing within the same court system.  Simply put, the Federal and State systems are different and distinct and papers filed in one cannot be held to be timely filed in the other.

For the foregoing reasons, the motion is denied.  An Order in conformance with this Opinion has been entered by the Court and a copy is attached.

Very truly yours,

/s/ *Donald H. Steckroth*

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Enclosure